IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20027
Summary Calendar

_____

DAVID ALLEN MARTIN,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-464

_____

September 10, 2002

Before GARWOOD, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

David Allen Martin (Martin) appeals the district court's dismissal for lack of subject matter jurisdiction of his Social Security Act case. He maintains that the district court erred when it concluded that he had not asserted a constitutional claim sufficient to establish jurisdiction.

This court conducts a *de novo* review of a Rule 12(b)(1) lack

_____

[*]Pursuant to 5TH CIR. R.47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of subject matter jurisdiction dismissal and applies the same standard used by the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 2665 (2002). When, as in this case, a litigant fails to object to the magistrate judge's report and recommendation, which contains a clear statement of the consequences of failing to object, this court may review the district court's decision for plain error. *See Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Jurisdictional questions, however, such as those presented by Martin, cannot be waived and may be raised at any time. *See United States v. Lopez-Vasquez*, 227 F.3d 476, 482 n.11 (5th Cir. 2000). Because the district court's decision was appropriate under either standard, we decline to choose between them. *Id*.

Martin seeks review of a Social Security Administration decision not to reopen prior proceedings and that *res judicata* precluded relitigation of the issues Martin raised. This decision is not subject to judicial review unless challenged on constitutional grounds. *See Califano v. Sanders*, 430 U.S. 99, 107-09 (1977). A claimant must make a colorable claim of a constitutional violation to vest a court with jurisdiction to review a refusal to reopen or a *res judicata* determination by the Administration. *See Robertson v. Bowen*, 803 F.3d 808, 810 (5th Cir. 1986). Martin has failed to assert anything other than a conclusory allegation of a constitutional violation and thus has

2

failed to comply with the directive set forth in *Robertson*.

We fail to discern any error, plain or otherwise, in the district court's decision.  Finding no error, we AFFIRM.